## IN THE UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF GEORGIA
## COLUMBUS DIVISION

| | | |
|---|---|---|
| **NAM HYUP KANG and** | ) | |
| **HYANG HO LEE** | ) | **CIVIL ACTION** |
| **Plaintiffs,** | ) | **FILE NO.**   4:16-cv-152 (CDL) |
| | ) | |
| **v.** | ) | |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **BENNING GF, LLC d/b/a** | ) | |
| **Giant Food,** | ) | |
| **JAMES YIM, and** | ) | |
| **SANG YIM,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## COMPLAINT

COMES NOW Plaintiffs NAM HYUP KANG ("Kang") and HYANG HO LEE ("Lee"), by and through his counsel, Beverly Lucas of Leon and Kim, LLC, file this Complaint alleging as follows:

## NATURE OF THIS ACTION

1.

This action brought under the Fair Labor Standards Act of 1938 ("FLSA"), as amended, 29 U.S.C. §201 *et seq*., in which Plaintiffs seek compensatory and

liquidated damages against Defendants for their failure to pay federally-mandated overtime wages during Plaintiffs' employment with Defendants.

## PARTIES

2.

Nam Hyup Kang and Hyang Ho Lee, named Plaintiffs in this action, are individuals and reside in the state of Georgia, County of Gwinnett, which is located in the Northern District of Georgia.

3.

Defendant Benning GF, LLC ("Benning GF") doing business as Giant Food is a limited liability company which maintains, and, at all times relevant hereto, maintained offices in the State of Georgia, and transacts and has transacted regular, not isolated, acts of business in Columbus, Georgia.

4.

Benning GF can be served by delivering a copy of summons and complaint to its registered agent, Registered Agents, Inc. at 300 Colonial Center Parkway, Ste 100N, Roswell, Georgia 30076.

5.

Benning GF is and was, at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the

meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. §§ 203(s)(1), 206, and 207.

7.

Defendant James Yim is an individual and believed to reside in the state of Georgia, County of Muscogee, which is located in the Middle District of Georgia.

8.

The Defendant James Yim is and was at all times relevant to this action, an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

9.

Defendant James Yim was involved in the day-today operation and has substantial operational control over Benning GF, including, without limitation, the policies governing individuals employed in the same capacity as the Plaintiffs.

10.

Defendant James Yim exerts substantial control over Benning GF.

11.

Defendant James Yim has the power to hire and fire employees, including, without limitation, individuals employed by Benning GF in the same capacity as the Plaintiffs.

12.

Defendant James Yim controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Benning GF in the same capacity as the Plaintiffs.

13.

Defendant James Yim determines the rate and method of payment for employees including without limitation, individuals employed by Benning GF in the same capacity as the Plaintiffs.

14.

At all times relevant to this action, Defendant James Yim oversaw and had the responsibility for maintaining employment records including, without limitation, employment records of individuals employed by Benning GF in the same capacity as the Plaintiffs.

15.

The Defendant James Yim is and was at all times relevant to this action the owner of Benning GF, and acted directly or indirectly in the interest of Defendant Benning GF.

16.

Defendant Sang Yim is an individual and believed to reside in the state of Georgia, County of Muscogee, which is located in the Northern District of Georgia.

17.

The Defendant Sang Yim is and was at all times relevant to this action an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d).

18.

Defendant Sang Yim was involved in the day-to-day operation and has substantial operation control over Benning GF, including, without limitation, the policies governing individuals employed in the same capacity as the Plaintiffs.

19.

Defendant Sang Yim exerts substantial control over Benning GF in compliance with the definition of "Employer" under the Fair Labor Standard Act of 1938.

20.

Defendant Sang Yim has the power to hire and fire employees, including, without limitation, individuals employed by Benning GF in the same capacity as the Plaintiffs.

21.

Defendant Sang Yim controls employee work schedules and conditions of employment, including, without limitation, individuals employed by Benning GF in the same capacity as the Plaintiffs.

22.

Defendant Sang Yim determines the rate and method of payment for employees, including, without limitation, individuals employed by Benning GF in the same capacity as the Plaintiffs.

23.

At all times relevant to this action, Defendant Sang Yim oversaw and had responsibility for maintaining employment records including, without limitation, employment records of individuals employed by Benning GF in the same capacity as the Plaintiffs.

24.

The Defendant Sang Yim is and was at all times relevant to this action the owner of Benning GF, and she acted directly or indirectly in the interest of Defendant Benning GF.

25.

At all relevant times, individually and collectively, Defendants have been and remain an "employer" within the meaning of the FLSA 29 U.S.C §203(d) in

that they acted "…directly or indirectly in the interest of an employer in relation to an employee..."

26.

As employers who engaged in commerce, Defendant Benning GF is subject to the requirements of the FLSA, 29 U.S.C. §201 *et seq*.

27.

Each Defendant was at all relevant times aware of the existence and requirements to pay non-exempt employees who work longer than forty (40) hours in a workweek one and one-half times the employee's regular rate of pay for the hours worked within the workweek in excess of forty (40) hours.

## Jurisdiction

28.

Jurisdiction over this action is conferred in this Court by section 216(b) of the FLSA, 29 U.S.C. §216(b) as well as 28 U.S.C. §1331.

## Venue

29.

The unlawful employment practices were committed within the state of Georgia, County of Muscogee. Venue is proper in this District pursuant to 28 U.S.C.A. § 1391(b).

## Facts

30.

Plaintiffs Kang and Lee are former employees of Defendants.

31.

From August 2013, Plaintiff Kang has been employed by Defendants, and from July 2011, Plaintiff Lee has been employed by Defendants.

32.

According to the Defendant Benning GF's Articles of Organization, Defendant James Yim is the Organizer of Benning GF.

33.

According to the Secretary State of Georgia, Defendant James Yim is authorized to sign the Defendant Benning GF's Annual Registration.

34.

Based on information and belief, James Yim and Sang Yim have an ownership interest in Benning GF.

35.

Throughout their employment with Defendants, Plaintiffs were given the title of "manager." However, the primarily duties of the Plaintiffs were manual and

not managerial. The Plaintiffs' primary job duties consisted of stocking shelves, cutting meat, and driving.

36.

Throughout Plaintiffs employment with Defendants, Plaintiffs never directed the work of any of Defendants' full time employees.

37.

Plaintiffs never had authority to hire or fire any other Defendants' employees.

38.

Plaintiffs never exercised discretion and independent judgment with respect to matters significant to any of the Defendants.

39.

At all times relevant to this action, Plaintiffs were non-exempt from the overtime pay requirements as afforded by the FLSA, 29 U.S.C. §§ 201 *et seq*.

40.

While working for Benning GF, Plaintiffs were paid in cash and check by Benning GF.

41.

At all times relevant herein, Plaintiff Kang's regular weekly wage was $1,200.00.

42.

And at all times relevant herein, Plaintiff Lee's regular weekly wage was $1,500.000.

43.

Defendants paid $500.00 of Plaintiffs' weekly wages in cash.

44.

While employed by Defendants, Plaintiffs' work schedule were controlled by Defendants.

45.

Defendants had each Plaintiff consistently work 72 hours, or more, per week. Plaintiffs were never paid overtime compensation for hours worked in excess of forty hours in any given work week.

46.

Plaintiffs were compelled to drive for the purpose of assisting the other employees of the Defendants to commute.

47.

Defendants failed to provide Plaintiffs with one and one-half times his regular rate of pay for the worked in excess of forty in a workweek.

## FIRST CAUSE OF ACTION
## Violation of FAIR LABOR STANDARD ACT (FLSA)

48.

Plaintiffs re-alleges and incorporates by reference each of the foregoing paragraphs of its complaint as if set forth fully herein.

49.

Plaintiffs were regularly compelled and scheduled to work more than forty hours per week.

50.

The Defendants were required in accordance with the FLSA to pay Plaintiffs one and one-half times their regular hourly rate of pay for their overtime work.

51.

The Defendants failed to pay Plaintiffs one and one-half times his regular rate of pay for each hour worked over forty (40) hours in a week. Instead, Plaintiffs were paid at this regular hourly rate for hours worked.

52.

The Defendants' unlawful acts, omissions, and practices concerning the terms, conditions, and provisions of Plaintiffs' employment violate the FLSA.

53.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff Kang suffered a loss of wages of $136,800.00.

54.

As a result of Defendants' unlawful acts, omissions, and practices, Plaintiff Lee suffered a loss of wages of $217,800.00.

55.

The Defendants' willful violation of the FLSA shows reckless disregard of Plaintiffs' right to receive appropriate overtime compensation for his work with Defendants.

56.

Defendants, jointly and severally, owe Plaintiffs overtime pay for work performed but not compensated in an amount to be determined, plus liquidated damages in an equal amount pursuant to 29 U.S.C. §216(b).

57.

Pursuant to Section 216(b) of the FLSA, Defendants owe Plaintiffs jointly and severally, for reasonable attorney fees.

WHEREFORE, Plaintiffs demands relief as follows:

1. Instruct the Clerk of Court to issue the Summons that are attached herein;

2. An order finding that Defendant violated sections 215(a)(2) and 216(b) of the FLSA;

3. Judgment in favor of Plaintiffs against Defendants, jointly and severally, for unpaid overtime compensation together with liquidated damages;

4. Pursuant to Section 216(b) of the FLSA, judgment in favor of Plaintiffs against Defendants, jointly and severally, for reasonable attorney fees;

5. Judgment in favor of Plaintiffs against Defendant, jointly and severally, for all taxable and non-taxable costs;

6. Pursuant to the Seventh Amendment to the United States Constitution and Rule 38, F.R. Civ. P., TRIAL BY JURY on all claims on which a jury is available; AND

7. Such other, further and different relief as this Court deems appropriate.

This 25th day of April, 2016.

Leon and Kim, LLC

By: _/s/ Beverly Lucas_
Beverly Lucas
Georgia. Bar No. 427692

1815 Satellite Blvd. #303
Duluth, GA 30097
Telephone: 678.878.4200
Facsimile:  678.878.4208
E-Mail: Beverly@leonandkim.com