IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION

NAM HYUP KANG and HYANG HO LEE,   *

    Plaintiffs,   *

vs.   *

    CASE NO. 4:16-CV-152 (CDL)

BENNING GF, LLC d/b/a Giant   *
Food, *et al.*,

  *

    Defendants.

  *

O R D E R

The Court held a telephone conference in this action to seek clarification on Plaintiffs' allegations and to discuss the parties' pending motions. During the telephone conference, Plaintiffs' counsel clarified that Plaintiffs Nam Hyup Kang and Hyang Ho Lee allege that they are former employees of the grocery businesses Benning GF, LLC and Super Giant Mart.[1] Kang is also a former employee of the grocery business Forest Park Produce of Alabama, Inc. Plaintiffs worked at these separate businesses at different times. Plaintiffs assert that at each grocery business, they were not paid overtime wages as required by the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201-219. They now seek overtime wages and damages under the FLSA.

---

[1] Plaintiffs claim that the correct legal name for Super Giant Mart is Capitol Produce, Inc. Defendants claim that the correct legal name for Super Giant Mart is Forest Park Produce, LLC. For purposes of this Order, it does not matter which is correct.

Defendants filed a motion to dismiss Plaintiffs' claims. At the telephone conference, Plaintiffs' counsel agreed that all of Plaintiffs' claims against Forest Park Produce of Alabama, Inc., John Yim, James Yim, and Angela Yim should be dismissed. Those claims are therefore dismissed.

Defendants also assert that the claims related to the employment practices at Super Giant Mart should be dismissed for improper venue.[2]  As discussed below, the Court finds that these claims are not properly joined and that they should be severed. And given that there is no independent basis for venue in this Court, those claims are dismissed for improper venue.

"Under Federal Rule of Civil Procedure 18(a), a plaintiff may generally bring as many claims as he has against a single party." *Smith v. Owens*, 625 F. App'x 924, 928 (11th Cir. 2015) (per curiam) (citing Fed. R. Civ. P. 18(a)).  "But a plaintiff may join multiple defendants in a single action only if the right to relief asserted against them arises 'out of the same transaction, occurrence, or series of transactions or occurrences' and if 'any question of law or fact common to all defendants will arise in the action.'"  *Id.* (quoting Fed. R. Civ. P. 20(a)).  Here, Plaintiffs do not allege that their claims based on the employment practices at Benning GF, LLC arise out of the same transaction, occurrence, or series of

---

[2] At the telephone conference Plaintiffs' counsel represented that Sang Yim was involved in the employment decisions for Super Giant Mart.

transactions or occurrences as their claims based on the employment practices at Super Giant Mart.  Rather, Plaintiffs assert independent claims based on the employment practices at the two separate grocery businesses.  The Court finds that Plaintiffs' two distinct FLSA claims against two distinct sets of Defendants are not properly joined under Federal Rules of Civil Procedure 18 and 20(a)(2).  Thus, the Court must sever these claims pursuant to Rule 21.  The next question is whether venue is proper in this Court for the severed claims.

Defendants do not dispute that venue is proper in this Court for the claims based on the employment practices at Benning GF, LLC.  But Defendants argue that venue is not proper in this Court for the claims based on the employment practices at Super Giant Mart, which is undisputedly located in the Northern District of Georgia and whose alleged decisionmaker, Sang Yim, lives in the Northern District.  Plaintiffs argue that 28 U.S.C. § 1391(b) permits them to bring separate claims against separate defendants in the Middle District of Georgia as long as all of the defendants reside in Georgia and one of the defendants resides in the Middle District.  Plaintiffs are correct that § 1391(b) permits an action to be brought in "a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located . . . ."  But when the claims are severed because of

3

misjoinder, they are treated as separate actions. *Hofmann v. De Marchena Kaluche & Asociados*, 642 F.3d 995, 998 (11th Cir. 2011) (per curiam) ("A severed claim under Rule 21 proceeds as a discrete suit."). Plaintiffs did not cite any authority for the proposition that § 1391 extends venue to claims that are misjoined and severed under the circumstances presented here.

It is clear that no independent basis for venue exists over the severed claims against Super Giant Mart and Sang Yim. Super Giant Mart is not a resident of the Middle District of Georgia. Nor is its alleged decisionmaker, Sang Yim. And, as previously explained, Plaintiffs' claims based on the employment practices at Super Giant Mart do not arise out of the same nucleus of operative facts as their claims regarding the employment practices at Benning GF, LLC. Because venue is not proper for the claims against Super Giant Mart and Sang Yim, those claims are dismissed. *See* 28 U.S.C. § 1406(a) ("The district court of a district in which is filed a case laying venue in the wrong division or district shall dismiss, or if it be in the interest of justice, transfer such case to any district or division in which it could have been brought.").

## CONCLUSION

As discussed above, Defendants' motion to dismiss (ECF No. 16) is granted in part and denied in part. The following claims are severed and dismissed without prejudice: Plaintiffs' claims

4

against Forest Park Produce of Alabama, Inc., Super Giant Mart, John Yim, James Yim, Angela Yim, and Sang Yim.  The only remaining claims are those based on the employment practices at Benning GF, LLC.  The Court finds that Plaintiffs' First Amended Complaint sufficiently alleges FLSA violations based on those employment practices, so those claims are not dismissed.

Plaintiffs' Motion to Amend (ECF No. 15) is granted to the extent that Plaintiffs shall be permitted to add Jaehan Kim as a Defendant and may substitute Hee Jeang Kim for pseudonym Defendant Jane Doe.[3]  Within seven days of the date of this Order, Plaintiffs shall file a Second Amended Complaint; Plaintiffs shall not include any claims or Defendants that have been dismissed in this Order.

Finally, the parties' joint motion for an extension of time to complete discovery (ECF No. 22) is granted.  Discovery shall close on February 22, 2017, and dispositive motions are due on or before April 7, 2017.

IT IS SO ORDERED, this 23rd day of January, 2017.

S/Clay D. Land
CLAY D. LAND
CHIEF U.S. DISTRICT COURT JUDGE
MIDDLE DISTRICT OF GEORGIA

---

[3] In their proposed Second Amended Complaint, Plaintiffs allege that Jaehan Kim has an ownership interest in Super Giant Mart.  Proposed 2d Am. Compl. ¶ 31, ECF No. 15-1.  At the telephone conference, however, Plaintiffs' counsel represented that Jaehan Kim was involved in the employment decisions for Benning GF, LLC.  Plaintiffs also assert that Hee Jeang Kim has an ownership interest in Benning GF, LLC.