# EXHIBIT A

## RELEASE AND SETTLEMENT AGREEMENT

This Release and Settlement Agreement (the "Agreement") is made and entered into by and among Nam Hyup Kang ("Kang"), Hyang Ho Lee ("Lee") (collectively "Plaintiffs"), on one hand, and Benning GF, LLC ("Benning"), Heejeang Kim, and Jaehan Kim (collectively, "Defendants"), on the other hand. Plaintiffs and Defendants are, collectively, the "Parties."

<u>RECITALS</u>

WHEREAS on April 25, 2016, Plaintiffs filed a lawsuit against Benning, James Yim, and Sang Yim in the District Court for the Middle District of Georgia numbered 4:16-cv-00152-CDL (the "Action"), asserting a claim for violation of the Fair Labor Standards Act ("FLSA");

WHEREAS, subsequently, Kang and Lee sought to and/or did amend the Action to add John Yim, Angela Yim, Hee Jeang Kim, Forest Park Produce Inc. of Alabama, Forest Park Produce, LLC d/b/a Super Giant Mart, and Jaehan Kim as party-defendants;

WHEREAS, during the course of discovery, the Court dismissed some defendants from the Action without prejudice;

WHEREAS, following the deposition of Kang and Lee, counsel for Defendants served a notice under Rule 11 of the Federal Rules of Civil Procedure, along with a Motion for Sanctions based, among other things, Plaintiffs' testimony regarding their managerial and exempt responsibilities, and subsequently filed a Motion to Compel relating to discovery that Kang and Lee had failed to timely answer;

WHEREAS the Parties would like to resolve all issues and disputes between and among them, pursuant to the terms of and subject to the limitations set forth in this Agreement;

In consideration of the promises and mutual covenants contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree to the terms of this Agreement, intending to be legally bound as follows:

<u>TERMS AND CONDITIONS</u>

1.     <u>Necessity of Court Approval of Agreement</u>

The Parties shall jointly seek the approval of the United States District Court for the Middle District of Georgia ("District Court") of the terms of settlement described herein. The Agreement shall be executed by all Parties prior to its submission to the District Court. However, this Agreement shall not become effective until the date on which the Court grants the Parties' joint Motion to approve this Settlement Agreement. Should the District Court not approve this Agreement in its entirety for any reason, this Agreement shall be deemed null and void, and shall have no effect whatsoever, notwithstanding the Parties' execution of the same.

2.     <u>Consideration Provided by Defendants to Kang and Lee.</u>   In consideration of the promises and covenants herein and in full and final settlement of the Action, Defendants each agree to:

a)     *Defendant's Obligations.* Defendants agree to forego filing their Motion for Sanctions with the Court and seeking any recovery of their fees, costs, and expenses in this Action, whether through the further prosecution of their Motion to Compel, another procedural or statutory mechanism, or through an award of costs as the prevailing party, which are in excess of $6,000.

3.     <u>Consideration Provided by Kang and Lee to Defendants.</u> In consideration of the promises and covenants herein and in full and final settlement of the Action, Kang and Lee agree to:

a)     *Dismissal with Prejudice.*  Upon the approval of this Settlement Agreement by the Court, Kang and Lee agree to dismiss the Action with prejudice.

b)     *Release of FLSA Claims by Kang.*  In exchange for the consideration outlined in Paragraph 2, and other good and valuable consideration, the receipt of which is hereby acknowledged, Kang, his attorneys, agents, heirs and assigns, hereby RELEASE, REMISE AND FOREVER DISCHARGE Benning, Heejeang Kim, Jaehan Kim, James Yim, Sang Yim, John Yim, Angela Yim, Forest Park Produce Inc. of Alabama, Forest Park Produce, LLC d/b/a Super Giant Mart, and Capitol Produce, Inc. (as well as the current and former officers, directors, employees, and shareholders of the corporate entities (the "Released Parties"), personally and in their respective capacities, and any other person or entity representing or succeeding to any such person or

entity), from any and all claims, whether known or unknown, arising under the Fair Labor Standards Act. Kang further agrees that he will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Action, any claims which were or could have been set forth therein against any defendant (actual or putative), and/or any claim which could have arisen therefrom, in any manner, including the filing of any administrative complaint and/or charge with any local, state or federal agency; provided, however, that nothing herein shall operate to release any claim that cannot be released by law.

c)  *Release of FLSA Claims by Lee*. In exchange for the consideration outlined in Paragraph 2, and other good and valuable consideration, the receipt of which is hereby acknowledged, Lee, his attorneys, agents, heirs and assigns, hereby RELEASE, REMISE AND FOREVER DISCHARGE Benning, Heejeang Kim, Jaehan Kim, James Yim, Sang Yim, John Yim, Angela Yim, Forest Park Produce Inc. of Alabama, Forest Park Produce, LLC d/b/a Super Giant Mart, and Capitol Produce, Inc. (as well as the current and former officers, directors, employees, and shareholders of the corporate entities (the "Released Parties"), personally and in their respective capacities, and any other person or entity representing or succeeding to any such person or entity), from any and all claims, whether known or unknown, arising under the Fair Labor Standards Act. Lee further agrees that he will not attempt (or authorize an attempt) to re-initiate the claims set forth in the Action, any claims which were or could have been set forth therein against any defendant (actual or putative), and/or any claim which could have arisen therefrom, in any manner, including the filing of any administrative complaint and/or charge with any local, state or federal agency; provided, however, that nothing herein shall operate to release any claim that cannot be released by law.

4.  <u>No Admission of Liability.</u> The Parties understand and acknowledge that this Agreement is made and accepted without any admission of liability, fault or truth of the allegations made by Kang or Lee against Defendants. This Agreement shall not be admissible in any judicial or administrative proceeding for any purpose except to enforce its terms.

5.  <u>Joint Work Product</u>. Each Party acknowledges that it has participated in the negotiation and preparation of this Agreement, and that no provision of this Agreement shall be construed against or interpreted to the disadvantage of any party by any court or other governmental, administrative, or judicial authority by reason of such party having or being deemed to have structured, dictated, or drafted such provisions.

6.    <u>Attorney's Fees.</u>   Each Party shall bear their own attorney's fees, costs, and expenses in connection with the Action and in the preparation of this Settlement Agreement and motion to the Court.

7.    <u>Merger and Modification in Writing Only.</u>   This Agreement contains the entire agreement and understanding between Kang and Lee, respectively, on one hand, and Benning, Heejeang Kim, and Jaehan Kim, respectively, on the other hand, concerning matters it describes, and supersedes all previous agreements, discussions, negotiations, understandings, and proposals of the parties.   The terms of this Agreement cannot be changed except in a subsequent document signed by Kang, Lee, Heejeang Kim, and Jaehan Kim, and an authorized representative of Benning.   Neither this Agreement nor any provision of this Agreement may be modified or waived in any way except by an agreement in writing signed by each of the Parties hereto consenting to such modification or waiver.

8.    <u>Severability.</u> The terms, conditions, covenants, restrictions, and other provisions contained in this Agreement are separate, severable, and divisible. If any term, provision, covenant, restriction, or condition of this Agreement or part thereof, or the application thereof to any person, place or circumstance, shall be held to be invalid, unenforceable, or void, the remainder of this Agreement shall remain in full force and effect to the greatest extent practicable and permissible by law, and any such invalid, unenforceable or void term, provision, covenant, restriction, or condition shall be deemed, without further action on the part of the Parties hereto, modified, amended, and limited to the extent necessary to render the same and the remainder of this Agreement valid, enforceable, and lawful.

9.    <u>Captions.</u>   Any and all captions in this agreement are included for reference only, and shall not be taken to modify, alter, enhance, or detract from the substantive provisions of this Agreement.

10.   <u>Counterparts.</u>   This Agreement may be executed in one or more counterparts, all of which taken together shall be deemed to constitute a complete original of this Agreement.

11.   <u>Acknowledgements.</u>   By signing this Agreement, the Parties agree and certify that:

(a)    Each is legally viable and competent to enter into this Agreement;

(b)     Each has carefully read and fully understands the terms and provisions of this Agreement, including the releases contained herein;

(c)     Each has consulted with their or its attorney (as the case may be) before signing this Agreement;

(d)     Each agrees to the terms of this Agreement knowingly, voluntarily, without intimidation, coercion or pressure, as his or its (as the case may be) own free act and deed;

(e)     Each represents and warrants that they or it (as the case may be) has not sold, assigned, transferred, conveyed, or otherwise disposed of all or any part of the claims released hereunder, whether known or unknown.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as follows:

**NAM HYUP KANG**                              **BENNING GF, LLC**

_____         _____

Date:                                                        By:
                                                               Its:
                                                               Date:


**HYANG HO LEE**                                 **HEEJEANG KIM**

_____         _____

**Date:**                                                  Date:


                                                               **JAEHAN KIM**

                                                          _____

                                                               Date:

(b)     Each has carefully read and fully understands the terms and provisions of this Agreement, including the releases contained herein;

(c)     Each has consulted with their or its attorney (as the case may be) before signing this Agreement;

(d)     Each agrees to the terms of this Agreement knowingly, voluntarily, without intimidation, coercion or pressure, as his or its (as the case may be) own free act and deed;

(e)     Each represents and warrants that they or it (as the case may be) has not sold, assigned, transferred, conveyed, or otherwise disposed of all or any part of the claims released hereunder, whether known or unknown.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as follows:

**NAM HYUP KANG**

_____

Date:

**BENNING GF, LLC**

By: Heejeang Kim

Its: Owner

Date: 03-30-2017

**HYANG HO LEE**

_____

**Date:**

**HEEJEANG KIM**

_____

Date:

**JAEHAN KIM**

_____

Date: 03-30-2017

10704276v1

(b)     Each has carefully read and fully understands the terms and provisions of this Agreement, including the releases contained herein;

(c)     Each has consulted with their or its attorney (as the case may be) before signing this Agreement;

(d)     Each agrees to the terms of this Agreement knowingly, voluntarily, without intimidation, coercion or pressure, as his or its (as the case may be) own free act and deed;

(e)     Each represents and warrants that they or it (as the case may be) has not sold, assigned, transferred, conveyed, or otherwise disposed of all or any part of the claims released hereunder, whether known or unknown.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as follows:

**NAM HYUP KANG**

Date:

**BENNING GF, LLC**

By:
Its:
Date:

**HYANG HO LEE**

**Date:**

**HEEJEANG KIM**

Date:

**JAEHAN KIM**

Date:

(b)   Each has carefully read and fully understands the terms and provisions of this Agreement, including the releases contained herein;

(c)   Each has consulted with their or its attorney (as the case may be) before signing this Agreement;

(d)   Each agrees to the terms of this Agreement knowingly, voluntarily, without intimidation, coercion or pressure, as his or its (as the case may be) own free act and deed;

(e)   Each represents and warrants that they or it (as the case may be) has not sold, assigned, transferred, conveyed, or otherwise disposed of all or any part of the claims released hereunder, whether known or unknown.

IN WITNESS WHEREOF, the undersigned have executed this Agreement as follows:

**NAM HYUP KANG**                                **BENNING GF, LLC**

Date:                                            By:
                                                 Its:
                                                 Date:

**HYANG HO LEE**                                 **HEEJEANG KIM**

**Date:**                                        Date:

                                                 **JAEHAN KIM**

                                                 Date: